# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| ERIKA REESE, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOMEADVISOR, INC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff Erika Reese, and in support of her Complaint, states, alleges, and avers as follows:

## PARTIES

1. Plaintiff Erika Reese is a Kansas resident.

2. Defendant Homeadvisor, Inc., (hereinafter, "HAI") is a Delaware corporation, headquartered in Colorado, and registered to do business in Kansas. It may be served through the Corporation Company, Inc., 112 Southwest Seventh Street, Suite 3C, Topeka, Shawnee County, Kansas, 66603.

3. Plaintiff was an employee of the Defendant, until her termination on January 4, 2019.

4. Plaintiff worked for Defendant at 15405 College Boulevard, in Lenexa, Kansas.

5. Plaintiff is seeking legal and equitable relief available under the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* (hereinafter, the "FMLA").

6. At all times pertinent hereto, Defendant was an "employer", and Plaintiff was an "employee" as defined within the FMLA.

## SUBJECT MATTER JURISDICTION

7. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

8. The Plaintiff brings claims for violation of 29 U.S.C. § 2601 *et seq.*, hereinafter referred to as the "FMLA".

9. The FMLA involves a federal question; thus, pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction over all claims asserted involving the FMLA.

10. Pursuant to 28 U.S.C. § 1367, the Court has subject matter jurisdiction over all other claims asserted herein (supplemental jurisdiction).

## PERSONAL JURISDICTION

11. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

12. Because Defendant does business in Kansas and because the acts giving rise to the causes of action asserted herein occurred in Kansas, the Court has personal jurisdiction over them.

## FACTS COMMON TO ALL COUNTS

13. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

14. Plaintiff had surgery in June, 2018. Because of this condition, she missed three months, for which she took FMLA.

15. She reported her condition to Human Resources.

16. Upon returning to work Plaintiff was constantly harassed about her condition. Multiple co-workers asked her what was wrong with her. HR and Plaintiff's supervisor's knew that Plaintiff had a severe health condition.

17. It was known that Plaintiff was also scheduled for a follow up surgery in February, 2019. For this surgery, Plaintiff would be taking FMLA leave, as well.

18. On January 3, Plaintiff had a doctor's appointment, in order to ensure that she would be okay for surgery.

19. She had a doctor's note for the procedure.

20. Despite this, when Plaintiff returned to work, she was terminated.

21. Plaintiff is at least 40 years old.

22. On or about July 23, 2019, Plaintiff filed a Charge of Discrimination with the EEOC, alleging discrimination on the bases of age and disability, along with retaliation, for engaging in protected activity with respect to disability discrimination.

23. The allegations set forth in the Charge of Discrimination are incorporated by reference as if more fully set forth herein.

24. On or about August 12, 2020, the EEOC issued Plaintiff a Right to Sue notice. Her administrative remedies have, thus, been exhausted.

**COUNT I.   FMLA RETALIATION/INTERFERENCE**

25. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

26. Plaintiff took FMLA leave, and indicated intent to do so, again– she was scheduled to go on FMLA leave, just weeks after she was fired.

27. The Defendant had knowledge of the Plaintiff's FMLA status.

28. Upon information and belief, Defendant has a pattern and practice of terminating individuals that are an inconvenience to the department manager.

29. The Defendant terminated the Plaintiff because she took, and/or in retaliation for taking, FMLA leave.

30. The Defendant terminated the Plaintiff because she intended to imminently take, and/or in retaliation for indicating her intent to imminently take, FMLA leave.

31. A causal connection existed between the protected activity of seeking FMLA leave and the termination.

32. The stated reason for the termination was false and pretextual.

33. The Plaintiff has sustained damages as a direct and proximate cause of the Defendant's behavior.

34. The conduct of the Defendant was willful.

WHEREFORE, the Plaintiff requests the Court to enter a judgment against the Defendant in excess of $75,000.00, for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, for an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for statutory liquidated damages in the amount of 100% the awarded damages, for punitive damages, for pre-judgment interest, for costs and attorney's fees, and for such other and further relief as the Court may deem just and equitable.

## COUNT II.    AGE DISCRIMINATION

35. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

36. Defendant was an employer for purposes of Title VII of the Civil Rights Act.

37. Plaintiff was an employee of the Defendant for purposes of the Title VII of the Civil Rights Act.

38. Plaintiff is over 40 years of age.

39. Plaintiff was subject to adverse action on the basis of her age, including, but not limited to, termination of her employment.

40. The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation,

embarrassment, and frustration.

41.     The person or persons who terminated Plaintiff's employment with Defendant were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

42.     Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

### COUNT IiI.   DISABILITY DISCRIMINATION

43.     Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

44.     Defendant was an employer for purposes of Title VII of the Civil Rights Act.

45.     Plaintiff was an employee of the Defendant for purposes of the Title VII of the Civil Rights Act.

46.     Plaintiff was perceived as disabled by Defendant, because of her need for multiple surgeries, which affected everyday life activities.

47.     Plaintiff was subject to adverse action on the basis of her disability, including, but not

limited to, termination of her employment.

48. The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

49. The person or persons who terminated Plaintiff's employment with Defendant were agents of the Defendant who were acting in the course and scope of their agency with Defendant or who acted with express authority from Defendant.

50. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for liquidated damages; for any other compensatory damages; for pre-judgment interest;  for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT IV:   DISABILITY RETALIATION

51. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

52. Plaintiff engaged in protected activity by, inter alia, reporting disability discrimination.

53. Defendant retaliated against Plaintiff by subjecting her to adverse action including, but not limited to, termination of her employment.

54. These materially adverse acts directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment and frustration.

55. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for liquidated damages; for pre-judgment interest; for pain and suffering and emotional distress; for a finding that she has been subjected to unlawful discrimination in violation of Title VII; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all applicable issues, counts, and claims asserted in this Cause of Action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas, as the place of trial.

Respectfully Submitted,

THE LAW OFFICE OF PHILLIP M. MURPHY II

      /s/  Phillip M. Murphy II
PHILLIP M. MURPHY II               #23770
4717 Grand Ave., Ste. 300

Kansas City, MO 64112  
Phone: (913) 661-2900  
Fax:     (913) 314-5841  
E-mail: phillip@phillilpmurphylaw.com  
**ATTORNEYS FOR PLAINTIFFS**