## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIKA REESE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:20-CV-02566-JAR-GEB** |
| **HOMEADVISOR, INC.,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Erika Reese brings this action against her former employer, Defendant HomeAdvisor, Inc., alleging claims for retaliation and interference under the Family Medical Leave Act ("FMLA"), age discrimination, disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), and breach of contract under Kansas law.[1]  This matter is now before the Court on Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 14).  For the reasons set forth below, the motion is granted.

Plaintiff filed this action on November 9, 2020.  After obtaining an extension of time to answer or otherwise plead, Defendant filed a motion to dismiss on February 19, 2021, raising three grounds for dismissal: (1) the doctrine of judicial estoppel; (2) Plaintiff's failure to exhaust her administrative remedies prior to bringing suit with respect to Counts II, III, and IV; and (3) Plaintiff's failure to state a claim on which relief can be granted as to Counts II, III, and IV.[2]  On March 12, 2021, Plaintiff filed an "Unopposed Motion for Expansion of Time to File a

---

[1] Although Plaintiff purports to bring her age discrimination claim under the ADA, the Court assumes that she intended to assert that claim under the Age Discrimination in Employment Act ("ADEA").

[2] Doc. 5.

Memorandum in Opposition to Defendant's Motion to Dismiss or to Otherwise Plead."[3]  After the Court granted that extension, Plaintiff filed both an Amended Complaint and a response to Defendant's motion to dismiss by the new deadline.[4]  Plaintiff's response is not substantive, as she contends that her Amended Compliant renders Defendant's motion to dismiss entirely moot.

Defendant moved to strike Plaintiff's Amended Complaint.  Defendant strenuously disputes that it agreed to or that the Court approved the filing of an amended complaint and provides correspondence in which its counsel consented only to an extension of time for Plaintiff to file her response.  Defendant argues that Plaintiff has no right to amend as a matter of course because she did not do so within twenty-one days of service of its motion to dismiss as required by Fed. R. Civ. P. 15(a)(1), and that she may not amend under Fed. R. Civ. P. 15(a)(2) because she obtained neither consent from Defendant nor leave of Court.  Plaintiff counters that because she titled her motion as one for an extension of time to respond or "otherwise plead," the Court granted her an extension of time to do both.

Under Rule 15(a)(1)(B), if a pleading is one to which a responsive pleading is required, the pleading party may amend once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Under Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  "Where leave of the court is required prior to amendment of a pleading, an amended pleading which is served without obtaining leave

---

[3] Doc. 8.

[4] Docs. 9, 11, 12.  A copy of the Amended Complaint (Doc. 11) was refiled for administrative purposes as Doc. 13.

normally is without legal effect and will not be considered by the court."[5]  Such a motion is also subject to the opposing party's motion to strike under [Fed. R. Civ. P.] 12(f).[6]

The Court has reviewed the parties' correspondence and agrees with Defendant that Plaintiff's counsel did not obtain its consent to file an amended complaint.  Rather, the request for an extension states: "I'm working on this MTD response, along with another one in a separate matter.  I'm also trying to obtain more information about my client's bankruptcy.  Would you object to a 21 day extension to respond?"[7]  When the Court granted Plaintiff's motion for an extension of time as unopposed, the Court believed that the motion was unopposed in its entirety.  Moreover, Plaintiff's request in that motion for an extension of time to "otherwise plead" did not put the Court on adequate notice that she was seeking leave to amend the Complaint.  Indeed, the Court's Order merely extended the response deadline to the motion to dismiss.  It did not grant Plaintiff leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. 14) is **granted**.  The Clerk shall strike the Amended Complaint (Docs. 11, 13).  If Plaintiff wishes to file a motion for leave to amend, she must do so within **fourteen (14) days of the date of this Order and comply with all requirements of D. Kan. Rule 15.1**.  If Plaintiff chooses to file a motion for leave to amend, the Court will then consider the parties' arguments regarding whether granting leave to amend would be futile in conjunction with deciding Defendant's pending motion to dismiss.  If Plaintiff does not file a

---

[5] *Dole v. Reynolds*, No. 89-4007-S, 1990 WL 186269, at *1 (D. Kan. Oct. 2, 1990) (citing *Straub v. Desa Indus., Inc.,* 88 F.R.D. 6, 8 (M.D. Pa. 1980)).

[6] *Id.* (citation omitted); *see also, e.g., Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2017 WL 2264357, at *2 (D. Kan. May 24, 2017) ("Our court routinely strikes amended pleadings that the parties have filed without first seeking and procuring the requisite leave of court.") (collecting cases).

[7] Doc. 15-1 at 2.

motion for leave to amend, the Court will decide the pending motion to dismiss on the basis of the original Complaint.

**IT IS SO ORDERED.**

Dated: June 8, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE