# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ERIKA REESE,

    Plaintiff,

v.

HOMEADVISOR, INC.,

    Defendant.

Case No. 2:20-CV-02566-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Erika Reese brings this action against her former employer, Defendant HomeAdvisor, Inc., alleging claims for retaliation and interference under the Family Medical Leave Act ("FMLA"), age and disability discrimination, and disability retaliation.[1] This matter is now before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 5) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 24). The motions are fully briefed, and the Court is prepared to rule. For the reasons set forth in detail below, Plaintiff's motion for leave to amend is denied and Defendant's motion to dismiss is granted.

## I.    Legal Standards

### A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss brought under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of probability

---

[1] Plaintiff purports to bring her age and disability discrimination claims under Title VII of the Civil Rights Act of 1964. Title VII, however, applies only to discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The Court assumes that Plaintiff intended to assert her age and disability discrimination claims under the Age Discrimination in Employment Act and the Americans with Disabilities Act, respectively.

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

If matters outside the complaint are reviewed, the Court generally must convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.[10] However, the Court may take judicial notice of certain facts without converting a motion to dismiss into one for summary

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[7] *Id.* at 678−79.

[8] *Id.* at 679.

[9] *Id.* at 678.

[10] Fed. R. Civ. P. 12(d).

judgment.[11]  Under Fed. R. Evid. 201, the Court may take judicial notice at any time of the proceeding of a fact "that is not subject to reasonable dispute because it [] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[12]  Relevant here, "[c]ourts may take judicial 'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'"[13]

### B. Motions for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1

Under Rule 15(a)(2), leave to amend a complaint is freely given when justice so requires.[14]  Courts will typically grant leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[15]  "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason."[16]  D. Kan. Rule 15.1 provides that a party seeking leave to amend must "set forth a concise statement of the amendment . . . sought" and "attach the proposed pleading."[17]

---

[11] *See, e.g.*, *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)).

[12] Fed. R. Evid. 201(b)(2).  Judicially noticed documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."  *Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

[13] *Mid-South Iron Workers Welfare Plan v. Harmon*, 645 F. App'x 661, 665−66 (10th Cir. 2016) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d at 1357, 1365 (10th Cir. 1993)).

[16] *Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted); *see Little v. Portfolio Recovery Assoc.*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[17] D. Kan. R. 15.1(a)(1)−(2).

## II.  Factual and Procedural Background

Defendant filed its motion to dismiss on February 19, 2021, raising three grounds for dismissal: (1) the doctrine of judicial estoppel; (2) Plaintiff's failure to exhaust her administrative remedies prior to bringing suit with respect to Counts II, III, and IV; and (3) Plaintiff's failure to state a claim on which relief can be granted as to Counts II, III, and IV.  On March 12, 2021, Plaintiff filed an "Unopposed Motion for Expansion of Time to File a Memorandum in Opposition to Defendant's Motion to Dismiss or to Otherwise Plead."[18]  After the Court granted that extension, Plaintiff filed both an Amended Complaint and a response to Defendant's motion to dismiss by the new deadline.  Plaintiff's response was not substantive, as she argued that her Amended Complaint rendered Defendant's motion entirely moot.

Defendant then moved to strike Plaintiff's Amended Complaint, arguing that Plaintiff had no right to amend as a matter of course because she did not do so within twenty-one days of service of its motion to dismiss as required by Fed. R. Civ. P. 15(a)(1), and that she could not amend under Fed. R. Civ. P. 15(a)(2) because she had obtained neither consent from Defendant nor leave of Court.   The Court granted Defendant's motion to strike on June 8, 2021, and ordered that if Plaintiff wished to file a motion for leave to amend, she must do so within fourteen days and comply with all requirements of D. Kan. Rule 15.1.[19]  Plaintiff timely filed her motion for leave to amend on June 21, 2021, with the proposed Amended Complaint attached as required by D. Kan. Rule 15.1(a)(2).

In addition to adding a state-law claim for breach of contract, Plaintiff's proposed Amended Complaint includes several new paragraphs regarding her bankruptcy proceedings and other factual detail intended to address Defendant's arguments for dismissal.  However, whether

---

[18] Doc. 8.
[19] Doc. 23 at 3.

4

the Court considers Plaintiff's original Complaint or the proposed Amended Complaint, this case must be dismissed on the basis of judicial estoppel, and granting Plaintiff leave to amend would therefore be futile.  To demonstrate the futility of amendment, the Court sets forth the following facts from Plaintiff's proposed Amended Complaint, her EEOC Charge (which she incorporates by reference in both her Complaint and proposed Amended Complaint),[20] and judicially noticed documents from Plaintiff's bankruptcy proceedings, as requested by Defendant.[21]

Plaintiff worked for Defendant at its location in Lenexa, Kansas.  Plaintiff is over forty years old, but many of her now-former coworkers are under forty.  On June 8, 2018, Plaintiff underwent a hysterectomy.  Plaintiff reported her condition to Defendant's Human Resources ("HR") department and took three months of FMLA leave following her surgery.  Upon returning to work, Plaintiff was constantly harassed about her condition—multiple coworkers asked her what was wrong with her.  Both HR and Plaintiff's manager, Christopher Baird, knew that she had a severe health condition.

Following her hysterectomy, Plaintiff also needed to have breast reduction surgery.  Before that surgery, however, Plaintiff needed to heal from her hysterectomy and ascertain how many fibroid tumors she had.  These issues were well-known to HR and to Baird, who "would come to Plaintiff's desk asking what was wrong" when she was "leaning forward on her desk due to the severity of the pain she was having."[22]

Plaintiff was ultimately scheduled to have breast reduction surgery in February 2019 and planned to use FMLA leave to heal from that procedure, which HR, Baird, and several of her coworkers knew.  Plaintiff had a doctor's appointment on January 3, 2019 to obtain clearance for

---

[20] Doc. 1 ¶ 23; Doc. 25-1 ¶ 25.

[21] Judicial notice is mandatory when requested by a party and the Court is provided the necessary information.  Fed. R. Evid. 201(c)(2).

[22] Doc. 25-1 ¶ 18.

her upcoming surgery.  The following day, she took a note from her doctor to Baird, but was told that her absence was inexcusable.  Shortly thereafter, Plaintiff was fired.

On June 20, 2019, Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Kansas, Case No. 19-21263.[23]  Plaintiff did not list her potential legal claims against Defendant as an asset when seeking bankruptcy relief.  Specifically, in the Schedule of Property filed with her Bankruptcy Petition, Plaintiff checked "no" in response to questions asking whether she had: (1) "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment"; or (2) "[o]ther contingent and unliquidated claims of every nature."[24]  On June 24, 2019—four days after she filed for bankruptcy— Plaintiff executed an EEOC Charge of Discrimination against Defendant.[25]  Plaintiff's EEOC Charge indicates that the discrimination she experienced was "continuing action," but also that it took place in "Jan 2019."[26]  On September 13, 2019, the Bankruptcy Court entered its order confirming Plaintiff's Chapter 13 Bankruptcy Plan.  The EEOC issued Plaintiff a Right to Sue notice on August 12, 2020, and Plaintiff filed this action on November 9, 2020.

As of the date of this Order, Plaintiff's bankruptcy proceeding remains open.  Although Plaintiff alleges in her proposed Amended Complaint that her failure to list her claims against Defendant was "inadvertent and a matter of oversight," and that she took prompt action to amend her asset schedule after becoming aware of the "apparent discrepancy," Plaintiff did not amend her bankruptcy schedules to disclose this case as a potential asset until nearly four months after

---

[23] Doc. 6-2.

[24] *Id.* at 12.

[25] Doc. 6-1.  Although Plaintiff signed the Charge on June 24, 2019, it is marked as "received" by the EEOC on July 23, 2019.

[26] *Id.* at 2.

Defendant filed its motion to dismiss raising the issue of judicial estoppel.  On June 9, 2021, Plaintiff filed amended schedules in bankruptcy court disclosing as assets an "employment claim based on wages" and an "employment claim not based on wages."[27]

## III. Discussion

Defendant seeks the dismissal of this entire action on the basis of judicial estoppel due to Plaintiff's failure to disclose her claims against it in her bankruptcy proceedings.  Because the Court finds that Defendant's motion is properly granted on this basis, it does not address Defendant's separate arguments for the dismissal of Counts II, III, and IV.

"Judicial estoppel is an equitable remedy designed to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"[28]  Typically, three factors are considered in determining whether to apply the doctrine: (1) whether a party takes a position that is "clearly inconsistent" with its earlier position; (2) whether adopting the later position would create the impression that "either the first or the second court was misled"; and (3) whether allowing the party to change its position would give it "an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[29]

"Because judicial estoppel is an equitable doctrine, a court must consider all of the equities of a particular case."[30]  As a result, the circumstances under which a court might invoke

---

[27] *In re: Erika Dawn Reese*, No. 19-21263-13-DLS, Docs. 64 and 65 (D. Kan. Bankr. June 9, 2021).

[28] *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1207 (10th Cir. 2017) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)).

[29] *New Hampshire*, 532 U.S. at 750−51 (citations omitted); *see also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011) (citing *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005)).

[30] *Patriot Mfg. LLC v. Hartwig, Inc.*, 996 F. Supp. 2d 1120, 1125 (D. Kan. 2014) (citing *New Hampshire*, 532 U.S. at 750−51).

judicial estoppel will vary.[31] Thus, while the above factors may inform the court's decision, they are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts."[32] Courts in the Tenth Circuit are to apply the doctrine "both narrowly and cautiously,"[33] and the burden falls on the moving party to show the need for the imposition of judicial estoppel.[34]

The Tenth Circuit has "recognized the vitality of the doctrine [of judicial estoppel] in the specific context of bankruptcy proceedings,"[35] and in fact "has recognized that in the 'overwhelming majority of cases,' debtors 'who have failed to disclose legal claims to the bankruptcy court without credible evidence of why they did so' have been judicially estopped from [pursuing] such claims."[36] "Numerous courts have agreed that the omission of a cause of action as an asset in bankruptcy provides an appropriate basis for imposing judicial estoppel."[37] The Court analyzes in turn each element necessary for judicial estoppel to apply.

---

[31] *Id.* (citing *New Hampshire*, 532 U.S. at 750−51).

[32] *New Hampshire*, 532 U.S. at 751.

[33] *Asarco,* 844 F.3d at 1208 (quoting *Hansen*, 641 F.3d at 1227).

[34] *Id.* at 1207 (quoting *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 767 F.3d 987, 988 (10th Cir. 2014)).

[35] *Autos, Inc. v. Gowin*, 244 F. App'x 885, 890 (10th Cir. 2007) (citing *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007)); *see also Pfeifer v. Fed. Exp. Corp.*, No. 09-CV-1248-EFM, 2014 WL 1246737, at *4 (D. Kan. Mar. 26, 2014) ("The Tenth Circuit is no stranger to invoking its right to judicial estoppel in the context of a plaintiff/debtor who fails to disclose a pending suit on her bankruptcy filings.")

[36] *Higgins v. Potter*, No. 08-2646-JWL, 2010 WL 11526772, at *1 (D. Kan. Aug. 20, 2010) (quoting *Eastman*, 493 F.3d at 1158−59), *aff'd*, 416 F. App'x 731 (10th Cir. 2011).

[37] *Autos, Inc.*, 244 F. App'x at 890 (collecting cases).

### A. Clearly Inconsistent Positions

"[A] debtor's assertion of legal claims not disclosed in her bankruptcy proceedings constitutes 'an assumption of inconsistent positions.'"[38] Plaintiff makes no substantive argument to support that the element of "clearly inconsistent positions" is not met here, beyond the addition of one paragraph in her Amended Complaint stating: "It is notable that [Plaintiff's] discrimination charge was filed *after* her bankruptcy filing in June, 2019. Thus, at the time of her filing of bankruptcy, she had no pending administrative or legal action."[39] This statement is unpersuasive because the fact that Plaintiff had not yet filed a charge or suit on her claims against Defendant at the time she sought shelter in bankruptcy does not excuse her failure to include those potential or anticipated claims in her schedule of assets—"[t]he bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims. That duty encompasses disclosure of all legal claims and causes of action, pending *or potential*, which a debtor might have."[40]

In this case, the last alleged discriminatory conduct giving rise to Plaintiff's claims occurred five months before she filed for bankruptcy in June 2019, and she executed her EEOC Charge just four days after she filed her Bankruptcy Petition. It is clear from the facts that Plaintiff was aware of accrued or potential claims at the time she sought bankruptcy protection and most certainly before her Chapter 13 Bankruptcy Plan was confirmed in September 2019.

---

[38] *Higgins*, 2010 WL 11526772, at *2 (quoting *Autos, Inc.*, 244 F. App'x at 890); *see Anderson v. Seven Falls Co.*, 696 F. App'x 341, 345 (10th Cir. 2017) ("We have . . . explained that failing to disclose a potential claim as an asset is clearly inconsistent with then prosecuting an action in pursuit of that claim." (first citing *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1090 (10th Cir. 2013), then citing *Eastman* 493 F.3d at 1158, and then citing *Paup v. Gear Prods. Inc.*, 327 F. App'x 100, 106−07 (10th Cir. 2009))).

[39] Doc. 25-1 ¶ 26.

[40] *Eastman*, 493 F.3d at 1159 (emphasis added) (citations omitted); *see Willess v. United States*, 560 F. App'x 762, 763 (10th Cir. 2014) (stating that "the relevant date for determining if a legal claim becomes property of the bankruptcy estate is the date of the claim's accrual, not the date the claim is brought" (citing *Eastman*, 493 F.3d at 1159)); *Cole v. Convergys Cust. Mgmt. Grp., Inc.*, No. 12-2404-SAC, 2013 WL 2151586, at *3 (D. Kan. May 16, 2013) ("The disclosure requirement applies to potential causes of action as well.").

Plaintiff's assertion of employment discrimination claims now is inconsistent with the position she took before the Bankruptcy Court that no such claims existed.[41]  "The discrimination claims and the state law claims [are] assets which Plaintiff was legally required to disclose, even though Plaintiff had not yet filed a lawsuit based on them."[42]  Thus, the Court finds this first factor satisfied.

### B.  Persuasion of Bankruptcy Court to Accept Earlier Position

In considering the second factor—whether adopting a party's later position would create the impression that either the first or the second court was misled—the court's

> concern is not so much with whether [Plaintiff] acted with some nefarious motive as it is with whether [her] actions led the bankruptcy court to accept [her] position, so that judicial acceptance of an inconsistent position in a later proceeding would introduce the risk of inconsistent court determinations and thus pose a threat to judicial integrity.[43]

The first court may be found to have accepted the plaintiff's earlier position "if the record in the prior case shows the court made a specific finding or holding on that point,"[44] and "[t]he party must have 'success' in the prior proceeding, or this element is not satisfied."[45]  In this case, Plaintiff's Bankruptcy Plan was approved in September 2019—nine months after the termination of her employment and three months after she filed or executed her EEOC charge.  Thus, Plaintiff convinced the Bankruptcy Court to confirm her Plan without disclosing her claims against Defendant.

---

[41] *See, e.g., Autos, Inc.*, 244 F. App'x at 891 (affirming dismissal on basis of judicial estoppel where debtor had knowledge of claims before confirmation of bankruptcy plan but did not move to amend schedules).

[42] *Cole*, 2013 WL 2151586, at *3.

[43] *Queen*, 734 F.3d at 1091 (quoting *Paup*, 327 F. App'x at 107).

[44] *Anderson v. Seven Falls Co.*, 696 F. App'x 341, 346 (10th Cir. 2017) (citing *New Hampshire v. Maine*, 532 U.S. 742, 752 (2001)).

[45] *Id.* (quoting *New Hampshire*, 532 U.S. at 750−51).

While Plaintiff's bankruptcy proceeding remains pending and she recently amended her schedules to include this lawsuit, the Tenth Circuit has more than once affirmed the application of judicial estoppel when the bankruptcy proceeding was still underway but the bankruptcy court had already approved the bankruptcy plan based on the plaintiff's misrepresentation of her assets.[46] In *Autos, Inc. v. Gowan*, in which the plaintiff "convinced the bankruptcy court to confirm her Chapter 13 plan without disclosing her claims," the Tenth Circuit stated that the plaintiff had

> actively deceived her creditors and misled the bankruptcy court about the scope of the estate. The integrity of bankruptcy proceedings is compromised if the bankruptcy court cannot rely on the information disclosed by a debtor, or if substantial known assets come to light after the court has confirmed a plan of distribution.[47]

Similarly, in *Higgins v. Potter*, the Tenth Circuit agreed with the district court's findings that the plaintiff's "failure to disclose her discrimination case on her bankruptcy schedules put her in a position to reap a recovery from her lawsuit, giving her an unfair advantage over her creditors,"[48] and that the plaintiff "corrected her omission only after defendant filed his motion for summary judgment based on judicial estoppel, without ever presenting any evidence to show that the omission was inadvertent."[49]

As in *Autos, Inc.* and *Higgins*, Plaintiff here knew about her claims against Defendant before plan confirmation but nonetheless failed to disclose them. In fact, Plaintiff only amended

---

[46] *Higgins v. Potter*, 416 F. App'x 731, 733–34 (10th Cir. 2011); *Autos, Inc.*, 244 F. App'x at 890−91; *see also Pfiefer v. Fed. Exp. Corp.*, No. 09-CV-1248-EFM, 2014 WL 1246737, at *7 (D. Kan. Mar. 26, 2014) (stating that "Plaintiff cannot disregard the cases in this Circuit that have held that judicial estoppel applies even in a Chapter 13 context either *before or after* a bankruptcy plan has been confirmed." (citations omitted)).

[47] 244 F. App'x at 891 (first citing *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993); and then citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988)).

[48] 416 F. App'x at 733.

[49] *Id.*

11

her schedules to include this lawsuit very recently and nearly *four months* after Defendant moved to dismiss on the basis of judicial estoppel.  As the Tenth Circuit has cautioned, allowing Plaintiff to avoid judicial estoppel by voluntarily amending her schedules now, only after Defendant has moved to dismiss, would encourage debtors to conceal assets.[50]

> Allowing [the party] to "back up" and benefit from the reopening of his bankruptcy would "suggest[] that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."[51]

The Court finds the second element satisfied on the facts of this case.

### C.   Unfair Advantage to Plaintiff or Detriment to Plaintiff's Creditors

Defendant argues that Plaintiff's failure to disclose her claims against it as an asset in bankruptcy puts her in a position to reap a potential recovery in this lawsuit, giving her an unfair advantage to the detriment of her creditors.  The Court agrees.  If Plaintiff had been successful in prosecuting this action without informing the bankruptcy court, that tactic "would have shielded any recovery in her lawsuit from her creditors, bestowing an unfair benefit on the debtor at the expense of her creditors."[52]  Further, "[t]he impact of a debtor's nondisclosure must be measured

---

[50] *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1160 (10th Cir. 2007) (citation omitted).

[51] *Id.* at 1160 (citation omitted).  Although *Eastman* involved the application of judicial estoppel after Chapter 7 bankruptcy proceedings were closed, the Court finds the same reasoning applicable here, where Plaintiff's Chapter 13 Bankruptcy Plan was approved nearly two years ago and well after her claims against Defendant accrued.

[52] *Higgins v. Potter*, No. 08-2646-JWL, 2010 WL 11526772, at *2 (D. Kan. Aug. 20, 2010) (citing *Autos, Inc.*, 244 F. App'x at 891), *aff'd*, 416 F. App'x 731 (10th Cir. 2011).  While there may be "some question as to the nature of prejudice suffered by [Defendant]," as opposed to Plaintiff's creditors, such a showing of prejudice is "not necessarily required" because judicial estoppel "is intended to protect the judicial system, rather than the litigants." *Autos, Inc.*, 244 F. App'x at 891 n.5 (quoting *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999)); *see also Patriot Mfg. LLC v. Hartwig*, 996 F. Supp. 2d 1120, 1130−31 (D. Kan. 2014) (explaining that purpose of judicial estoppel is to protect the court's integrity) (citation omitted).  And as further noted in a case relied upon by Plaintiff, "[a] doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case)—and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

in more than monetary terms because it affects creditors' willingness to negotiate their claims and enhances the debtor's bargaining position by making the pot that creditors look to for recovery appear smaller than it really is."[53]  Thus, "[s]ufficient detriment is shown here because the omitted disclosure[] would have assisted the judge in making fully informed decisions about the bankruptcy plan and would have enabled creditors, who relied upon the schedules, to determine the appropriate course of action."[54]  The Court finds that the third and final element necessary for judicial estoppel is met here.

### D. Mistake or Inadvertence

Plaintiff suggests that any failure to inform the Bankruptcy Court of her claims should be excused as unintentional.  Specifically, Plaintiff alleges in her Amended Complaint that her failure to disclose was "inadvertent," "a matter of oversight," or a "discrepancy."[55]  While the court may make an exception to judicial estoppel in cases of mistake or inadvertence when the debtor establishes that she had either no knowledge of an undisclosed asset or no motive to conceal it,[56] "[t]he Tenth Circuit, like the vast majority of other courts, has not been overly receptive to debtors' attempts to recover on claims about which they inadvertently or mistakenly forgot to inform the bankruptcy court."[57]  Plaintiff plainly had knowledge of her claims at the time she filed for bankruptcy.  As to motive, "courts may readily infer that debtors have a motive to conceal assets in bankruptcy proceedings,"[58] and "[t]he ever present motive to conceal legal

---

[53] *Pfeifer v. Fed. Exp. Corp.*, No. 09-CV-1248-EFM, 2014 WL 1246737, at *7 (D. Kan. Mar. 26, 2014) (citation omitted).

[54] *Id.* (citation omitted).

[55] Doc. 25-1 ¶¶ 27, 28.

[56] *Ordonez v. Canyons Sch. Dist.*, 788 F. App'x 613, 617 (10th Cir. 2019) (quoting *Eastman*, 493 F.3d at 1157).

[57] *Pfeifer,* 2014 WL 1246737, at *9 (citation omitted).

[58] *Anderson v. Seven Falls Co.*, 696 F. App'x 341, 346 (10th Cir. 2017) (first citing *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1094 (10th Cir. 2013); and then citing *Eastman*, 493 F.3d at 1159).

claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy."[59]

Plaintiff offers no argument or evidence to support that she had no knowledge of her claims against Defendant or that she had no motive to keep this lawsuit out of reach of her creditors. Further, Plaintiff did not voluntarily amend her schedules at any time before Defendant moved to dismiss, and this Court has no knowledge of whether Plaintiff ever informed either her bankruptcy attorney or the trustee of her claims or the pendency of this action before she finally amended her schedules just last month. The Court cannot find an exception to judicial estoppel applicable here on the basis of mistake or inadvertence. Even on the allegations of the proposed Amended Complaint, Plaintiff is estopped from bringing this action due to her failure to disclose her claims against Defendant in her bankruptcy proceedings, and granting leave to amend would therefore be futile.

On a final note, the Court does not consider Plaintiff's novel argument that judicial estoppel should not apply to her claim for "equitable relief" in this case—by which she appears to mean relief in the form of a declaration that Defendant discriminated against her—because Plaintiff improperly raised this argument for the first time in her reply in support of her motion for leave to amend.[60]

---

[59] *Lemaster v. Collins Bus Corp.*, No. 11-2128-JTM, 2012 WL 5397996, at *6 (D. Kan. Nov. 2, 2012) (quoting *Eastman*, 493 F.3d at 1159); *see also Anderson*, 696 F. App'x at 347 (stating that courts "may infer that a debtor knows about a claim . . . where the debtor's actions were fully consistent with preparing to file a claim").

[60] *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, Case No. 16-cv-1094-JTM-TJJ, 2018 WL 489100, at *1 (D. Kan. Jan. 19, 2018) ("[T]he Court will not consider arguments raised for the first time in a reply brief, particularly where the arguments could have been made in the first instance.") (citing *Martinelli v. Petland, Inc.*, No. 10-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010)).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend (Doc. 24) is **denied** and Defendant's Motion to Dismiss (Doc. 5) is **granted**.

**IT IS SO ORDERED.**

Dated: July 23, 2021

                                                      S/ Julie A. Robinson
                                                      JULIE A. ROBINSON
                                                      CHIEF UNITED STATES DISTRICT JUDGE